**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**ARTHUR DUANE PAYTON,**

**Petitioner,**

**v.**

**F. ENTZELL, Warden FCI Hazelton,**

**Respondent.**

**Civil No.: 2:18CV48
JUDGE BAILEY**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On May 8, 2018, the pro se Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.   Petitioner is a federal inmate who is housed at FCI Hazelton and is challenging the validity of his sentence imposed in the United States District Court for the Eastern District of Michigan.   This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### FACTUAL AND PROCEDURAL HISTORY[1]

**A. Conviction and Sentence**

In 1994, a federal grand jury in the Southern District of California indicted

---

[1] The facts are taken from the Petitioner's criminal Case No. 2:12cr20043 in the United States District Court for the Eastern District of Michigan, available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

.

Petitioner on six counts of bank robbery based on robberies that took place if 1993. Petitioner was convicted by a federal jury and sentenced to ten years in prison.

Petitioner was released from prison on January 24, 2002. In July of 2002, the Southern District of California transferred jurisdiction over Petitioner's supervised release to the Eastern District of Michigan. That same month, Petitioner began orchestrating more robberies. Petitioner was arrested in November 2002 and ultimately pleaded guilty to seven counts of aiding and abetting bank robbery. Petitioner was sentenced to another ten-year term of imprisonment and was released from prison on July 29, 2011.

In October of 2011, Petitioner began orchestrating more bank robberies. On October 16, 2012, a First Superseding Indictment was returned in the Eastern District of Michigan containing five counts. Count One charged Conspiracy to Commit Bank Robbery in violation of 18 U.S.C. § 371; Counts Two through Five charged Bank Robbery, Aiding and Abetting in violation of 18 U.S.C. § 2113(a) and 2. On November 5, 2012, following a trial by jury, Petitioner was convicted on all five counts. Petitioner's guideline range was calculated as 210 to 262 months. Petitioner was sentenced to 60 months on Count One and 120 months on each of Counts Two through Five, all counts to run consecutive to each other for a total of 540 months.

### B. Direct Appeal

Petitioner filed a timely appeal of his sentence. The Sixth Circuit vacated Petitioner's sentence and remanded the case by order dated June 12, 2014, with a mandate issued on July 10, 2014. In vacating the sentence, the Sixth Circuit concluded that the district court did not provide enough explanation for its major departure from the Sentencing Guidelines.

2

Following remand, the trial judge recused himself, and the case was randomly assigned to a second district judge. Petitioner's resentencing hearing was conducted on February 26, 2015. The Court then imposed a sentence of 60 months on Count One and 240 Months on Counts Two – Five, to run concurrent with Count One, for a total sentence of 300 months, again outside the guidelines. Petitioner did not appeal his resentence.

### C. Motion to Vacate under 28 U.S.C. § 2255

On February 5, 2016, Petitioner file a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Petitioner argued that trial counsel was ineffective for failing to object to the jury's request, during deliberations, to consider a transcript not entered into evidence and for failing to investigate sources to impeach the government's witnesses. He also claimed that appellate counsel was ineffective for failing to raise the issue of the transcript on direct appeal and for failing to raise a claim that the district court erred by allowing the government to introduce evidence under Federal Rule of Evidence 404(b) of his prior convictions for bank robbery and a special agent's testimony about statements he made in a 1994 episode of the "Oprah Winfrey Show." The district court concluded that Petitioner failed to establish that either trial or appellate counsel was ineffective. On December 30, 2016, the district court denied the motion and dismissed it with prejudice and declined to issue a certificate of appealability.

Petitioner filed an application for a certificate of appealability in the Sixth Circuit. On August 15, 2017, the Sixth Circuit denied the application.

### II.   PETITIONER'S CLAIMS

In support of his § 2241 petition before this Court, Petitioner relies on one theory. In effect, he alleges that his prior convictions no longer no serve as predicate offenses under the Career Offender provision of U.S.S.G. §§ 4B.1, 4B1.2. Petitioner relies on the opinions in *United States v. Wheeler,* 886 F.3d 415 (4th Cir. 2018); *Mathis v. United States[2],* 136 S.Ct. 2243 (2016); *Descamps v. United States[3],* 133 S.Ct. 2276 (2013); *Johnson v. United States[4],* 135 S.Ct. 2551 (2015); and *Begay v. United States*, 503 U.S. 137 (2008).[5]

For relief, Petitioner requests that his claims be considered on the merits, and his sentence vacated and remanded to the sentencing court for resentencing without the career offender enhancement. ECF 1 at 8.

---

[2] In *Mathis,* the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offense for sentencing enhancements under the ACCA, 18 U.S.C. § 924(c), and found that Iowa's burglary statute encompassed conduct broader than that encompassed by federal generic burglary as defined in *Taylor v. United States,* 495 U.S. 575, 598 (19990), and thus, did not qualify as a crime of violence under the ACCA.

[3] In *Descamps,* the Supreme Court held to determine whether a past conviction is a violent felony within the meaning of the ACCA, courts should use the categorical approach of the state statute is indivisible. However, if the statute is divisible, or defines multiple offenses, and at least one of the offenses included in the statute is not a violent felony, courts should apply a modified categorical approach.

[4] In *Johnson,* the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") in unconstitutionally vague.

[5] In *Begay*, the Court considered whether New Mexico felony convictions for driving under the influence ("DUI") constituted violent felonies under the ACCA residual clause. 553 U.S. at 137. While acknowledging that drunk driving poses a "serious potential risk of physical injury to another," the Court nonetheless concluded that the DUI offenses did not qualify as "violent felonies." Id. at 141, 147-48. The Court reasoned that the structure of the ACCA indicates Congress's intent to cover only crimes that are "similar" to the enumerated offenses, "rather than every crime that 'presents a serious potential risk of physical injury to another.'" Id. at 142. Moreover, the Court concluded that the ACCA residual clause applies only to those offenses "roughly similar, in kind as well as in degree of risk posed" to the enumerated offenses. Id. at 143. *Begay* thus expanded the inquiry as to whether a crime falls within a residual clause-- requiring a sentencing court to assess both the degree of risk typically posed by the crime and whether the crime involves the same kind of "purposeful, violent, and aggressive conduct" as the enumerated offenses.

### III.   LEGAL STANDARDS

#### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.  Pro Se Litigants

As a pro se litigant, the Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner* , 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

#### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district

where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[6] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  *In re Vial*, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[7] and the standard is an exacting one.  The Fourth Circuit has

---

[6]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

  a.  The date on which the judgment of conviction becomes final;
  b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[7]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his *conviction* or the legality of his *sentence*. *See United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018); *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his *conviction*, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in *Wheeler*.  *Id.*

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  *See Wheeler*, 886 F.3d at 423–26.

## IV.   ANALYSIS

Although Petitioner asserts that he is entitled to relief under the savings clause, he is not entitled to its application. Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the *Wheeler* test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first, second, and third prongs of *Wheeler*, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect.  *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018). In *Lester*, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*Booker*, when the sentencing Guidelines were mandatory.  Id. at 714.

However, the *Lester* Court explicitly noted that had Lester's career offender misclassification occurred under the post-*Booker*, advisory Guidelines, his petition would

have been barred as failing to meet the fourth *Wheeler* prong. Id. at 715 ("*Foote*[8] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-*Booker*, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [I]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-*Booker,* purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." *Id.* In conclusion, the *Lester* Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." *Id.* at 716.

Because Petitioner in this case was sentenced as a career offender under the post-*Booker*, advisory Guidelines[9], regardless of whether this was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth *Wheeler* prong, and, therefore, fails to satisfy the § 2255(e) savings clause. Because Petitioner cannot satisfy the savings clause of § 2255(e) under *Wheeler*, his claim may not be considered under § 2241, and this Court is without jurisdiction to

---

[8]  In *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The *Foote* Court concluded that such a claim was not cognizable under § 2255. *Foote*, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 936 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). The *Foote* Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. *Id.* at 940, 944.

[9] Petitioner acknowledges that he was sentenced under the advisory guidelines. ECF No. 1-2 at 10.

consider his petition.[10]  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); *Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of service this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985);

---

[10] Although Petitioner equates himself to the Petitioner/Appellant in *Wheeler* by referencing § 851 which he alleges is statutory and thus mandatory, it appears the he misunderstands the holding in *Wheeler*. Although an information was filed under § 851 in *Wheeler,* that provision is found under Title 21 dealing with Drug Abuse Prevention and Control and resulted in a statutory mandatory minimum sentence. Petitioner was not convicted under Title 21, no § 851 information would have been filed, and a statutory mandatory minimum sentence was not imposed as the result of his prior federal convictions for bank robbery. Moreover, Petitioner's sentences did not exceed the statutory maximum.

*Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 28, 2019.

*/s, James P. Mazzone*

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE