# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**ARTHUR DUANE PAYTON**,

    Petitioner,

v.                                                          **CIVIL ACTION NO. 2:18-CV-48**
                                                                   **(BAILEY)**

**F. ENTZEL**, Warden, FCI Hazelton,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 8]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on May 28, 2019, wherein he recommends that petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right

1

to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Petitioner timely filed his Objections on June 17, 2019 [Doc. 10]. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## BACKGROUND

Petitioner does not object to Magistrate Judge Mazzone's recitation of the factual background and procedural history. Thus, this Court sees no need to reiterate such here. Petitioner's § 2241 petition before this Court is based on one theory—that his prior convictions no longer serve as predicate offenses under the career offender provision of United States Sentencing Guidelines § 4B1.1. As such, petitioner requests that his sentence be vacated and remanded to the sentencing court for resentencing without the career offender designation.

## APPLICABLE LAW

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also* **United States v. Poole**, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. **In re Jones**, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the

legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *In re Jones*, 226 F.3d at 333–34).

The Fourth Circuit recently found that the savings clause may apply to certain sentencing challenges. It explained:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet either the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *See Wheeler*, 886 F.3d at 423–26.

## DISCUSSION

Magistrate Judge Mazzone recommends that petitioner's § 2441 petition be denied and dismissed without prejudice for lack of jurisdiction, as petitioner cannot satisfy the fourth

prong of **Wheeler**, which requires that his sentence "now presents an error sufficiently grave to be deemed a fundamental defect." *Id.* at 429. In reaching this determination, Magistrate Judge Mazzone found the following:

> Although Petitioner asserts that he is entitled to relief under the savings clause, he is not entitled to its application. Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the **Wheeler** test for this Court to have jurisdiction to hear his challenge on the merits.
>
> In this case, even if Petitioner meets the first, second, and third prongs of **Wheeler**, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. *See **Lester v. Flournoy***, 909 F.3d 708, 715 (4th Cir. 2018). In **Lester**, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-**Booker**, when the sentencing Guidelines were mandatory. *Id.* at 714.
>
> However, the **Lester** Court explicitly noted that had Lester's career offender misclassification occurred under the post-**Booker**, advisory Guidelines, his petition would have been barred as failing to meet the fourth **Wheeler** prong. *Id.* at 715 ("**Foote** undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-**Booker**, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification is unlike a violation of a statute or constitutional provision." *Id.* When a petitioner is sentenced under the post-**Booker**, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." *Id.* In conclusion, the **Lester** Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." *Id.* at 716.
>
> Because Petitioner in this case was sentenced as a career offender under the post-**Booker**, advisory Guidelines, regardless of whether this was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth **Wheeler** prong, and, therefore, fails to satisfy the § 2255(e) savings clause. Because Petitioner cannot satisfy the savings clause of § 2255(e) under **Wheeler**, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function

4

remaining to the court is that of announcing the fact and dismissing the cause." ***Steel Co. v. Citizens for a Better Env't***, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); ***Reinbold v. Evers***, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

[Doc. 8 at 8–10].

Petitioner does not necessarily object to Magistrate Judge Mazzone's determination that Fourth Circuit precedent holds that misapplication of a career offender enhancement under the advisory guidelines is not a fundamental defect for the purposes of the savings clause in § 2241 petitions. At bottom, petitioner's objections are with that Fourth Circuit precedent itself.

Petitioner argues that the "impact of the career offender designation to [his] sentence was substantial . . . [as his] erroneous designation as a 'career offender' under the Guidelines resulted in common parlance, to the Judges viewing him through 'career offender-tinted glasses' which fundamentally infected the entire sentencing process." [Doc. 10 at 2]. The bulk of petitioner's legal basis for this argument comes from ***United States v. Peugh***, 569 U.S. 530 (2013), ***Narvaez v. United States***, 674 F.3d 621 (7th Cir. 2011), and ***Spencer v. United States***, 727 F.3d 1076 (11th Cir. 2013). Petitioner also argues that the Fourth Circuit's decision in ***United States v. Foote***, 784 F.3d 931 (4th Cir. 2015), which ultimately concluded that the misclassification of a petitioner as a career offender under the advisory guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice, is distinguishable from petitioner's case here because petitioner, unlike Foote, was given a sentence above the guideline range.

Upon consideration, petitioner's Objections **[Doc. 10]** must be **OVERRULED**. First, "***Peugh*** tells us only that the advisory nature of the guidelines in the present era, the ***Booker***

5

era, which allows the sentencing judge broad discretion, nevertheless does not excuse *constitutional* violations arising from the judge's miscalculating the applicable guideline." **Hawkins v. United States**, 724 F.3d 915, 917 (7th Cir. 2013) (emphasis in original). Here, this case involves no claim of constitutional error, for example that petitioner's sentence exceeded the statutory maximum. "There is just a claim that the sentencing judge miscalculated the advisory guidelines range and *might* have given a lower sentence had he not miscalculated it." *Id.* Furthermore, **Foote** was decided after **Peugh**, and the Fourth Circuit considered the impact of **Peugh** in reaching its conclusion that misclassification of a petitioner as a career offender under the advisory guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice—ultimately rejecting appellant's contention there that **Peugh** necessitated a different finding. *See* **Foote**, 784 F.3d at 942 ("We thus decline to give **Peugh** the weight Appellant attributes to it.").

Second, **Narvaez v. United States**, 674 F.3d 621 (7th Cir. 2011), and **Spencer v. United States**, 727 F.3d 1076 (11th Cir. 2013), are decisions from outside of the Fourth Circuit that are not binding authority on this Court. To the contrary, the binding precedent within this Circuit clearly forecloses relief on the ground that the purported sentencing error is not sufficiently grave to be deemed a fundamental defect. *See* **Lester v. Flournoy**, 909 F.3d 708, 715 (4th Cir. 2018) (holding that "a misapplied career offender enhancement" under the advisory guidelines would not be a fundamental defect for purposes of the savings clause in § 2241 petitions). Additionally, the Seventh Circuit limited the holding of **Narvaez** to those sentenced under the mandatory guidelines, rather than the merely advisory guidelines applicable in petitioner's case. *See* **Hawkins**, 724 F.3d at 916 ("The panel had held that an

error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had, as in ***Narvaez*** . . . been sentenced in the pre-***Booker*** era, when the guidelines were mandatory rather than merely advisory."). Furthermore, ***Spencer*** was vacated on rehearing *en banc*. *See* ***Spencer v. United States***, 773 F.3d 1132 (11th Cir. 2014) (holding that district court's misapplication of career offender sentencing guideline did not result in "complete miscarriage of justice").

Finally, petitioner's argument that ***Foote*** is distinguishable from petitioner's case here because petitioner, unlike Foote, was given a sentence above the guideline range is unavailing. In concluding that the misclassification of a petitioner as a career offender under the advisory guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice, ***Foote*** made no such distinction between within and outside guideline range sentences—nor has any other case. While there may be a slight factual difference between Foote and petitioner, such does not create a legal difference. In fact, in this Court's opinion, the fact that petitioner was given an above-guideline sentence makes it even less likely that petitioner's career offender designation, and the resulting applicable guideline range, had a significant effect on the sentence petitioner received, as the sentencing judge clearly made an independent determination of what sentence he or she felt was appropriate.

Thus, while petitioner may disagree with the Fourth Circuit's precedent, this Court is nonetheless bound by it. Petitioner acknowledges that he was sentenced under the advisory guidelines. *See* [Doc. 1-2 at 10]. Thus, regardless of whether there was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth ***Wheeler*** prong and, therefore, fails to satisfy the § 2255(e) savings clause. *See*

*Lester*, 909 F.3d at 715; *see also* ***Gomez v. Young***, 2019 WL 896263, at *3 (S.D. W.Va. Feb. 22, 2019) (Berger, J.) ("The sentencing error [petitioner] complains of is the same as that considered in ***Foote***: the incorrect classification of a prior conviction to support a career offender designation. The sentencing judge was permitted, and indeed obligated, to independently determine whether a sentence within or outside the calculated Guidelines range was appropriate under the statutory sentencing factors contained in 18 U.S.C. § 3353(a). Because binding precedent within this Circuit clearly forecloses relief on the grounds that the purported sentencing error is not sufficiently grave to be deemed a fundamental defect, the Court finds it unnecessary to evaluate the applicability of the other three ***Wheeler*** factors."). Because petitioner cannot satisfy the savings clause pursuant to the requirements articulated in ***Wheeler***, his claim cannot be considered under § 2241, and this Court must dismiss for want of jurisdiction. *See* ***Wheeler***, 886 F.3d at 423 ("[W]e hold that the savings clause is a jurisdictional provision.").

## CONCLUSION

For the reasons set forth above, this Court hereby **ORDERS** that petitioner's Objections **[Doc. 10]** are **OVERRULED** and that Magistrate Judge Mazzone's Report and Recommendation **[Doc. 8]** is hereby **ADOPTED**. Accordingly, petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to enter judgment in favor of the respondent and to **STRIKE** this action from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: June 24, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE